IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LONNY S.,<br><br>      Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,[1] Commissioner of<br>Social Security,<br><br>      Defendant. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No. 2:18-cv-00767-PMW<br><br>Chief Magistrate Judge Paul M. Warner |

Pursuant to 28 U.S.C. § 636(c), the parties consented to have Chief United States

Magistrate Judge Paul M. Warner conduct all proceedings in this case, including trial, entry of

final judgment, and all post-judgment proceedings.[2] Plaintiff Lonny S.'s ("Plaintiff") seeks

judicial review of the decision of the Commissioner of Social Security ("Commissioner")

denying his claims for Disability Insurance Benefits ("DIB") under Title II of the Social Security

Act, *see* 42 U.S.C. §§ 401-434, and Supplemental Security Income ("SSI") under Title XVI of

the Social Security Act, *see* 42 U.S.C. §§ 1381-1383f.  After careful review of the administrative

record, the parties' briefs, and the relevant law, the court concludes that the Commissioner's

decision is supported by substantial evidence and, therefore, is AFFIRMED.

---

[1] Andrew M. Saul is now the Commissioner of Social Security.  Pursuant to rule 25(d) of the Federal Rules of Civil
Procedure, Andrew M. Saul has been substituted for Acting Commissioner Nancy A. Berryhill as the Defendant in
this action.  *See* docket no. 17.
[2] *See* docket no. 12.

## BACKGROUND

Plaintiff alleges disability due to various physical and mental impairments. In August 2014, respectively, Plaintiff applied for DIB and SSI, alleging disability beginning in February 2014.[3] These claims were denied initially on December 31, 2014, and upon reconsideration on May 15, 2015.[4] Thereafter, Plaintiff filed a written request for a hearing.[5] Plaintiff appeared and testified at a hearing held on March 3, 2017, and again at a supplemental hearing on August 29, 2017.[6] On September 14, 2017, the Administrative Law Judge ("ALJ") issued a written decision denying Plaintiff's claims for DIB and SSI.[7] On August 1, 2018, the Appeals Council denied Plaintiff's request for review,[8] making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

On September 28, 2018, Plaintiff filed his complaint in this case.[9] On November 27, 2018, the Commissioner filed an answer and a copy of the administrative record.[10] Plaintiff filed his opening brief on April 2, 2019.[11] The Commissioner filed an answer brief on April 29,

---

[3] *See* docket no. 7, Administrative Record ("AR ____") at 15, 228–40.

[4] *See* AR at 144–49, 152–57.

[5] *See* AR at 164–65.

[6] *See* AR at 37–58, 58–81.

[7] *See* AR at 12–36.

[8] *See* AR at 1–6.

[9] *See* docket no. 2.

[10] *See* docket nos. 6–7.

[11] *See* docket no. 14.

2019.[12]  Plaintiff did not file a reply brief.

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).  The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).  "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).  If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.  *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

---

[12] *See* docket no. 16.

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

At step four, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id.*

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id.* At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id.*; *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If it is determined that the claimant "can make an

adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is disabled and entitled to benefits.

## ANALYSIS

On appeal, Plaintiff contends that the Commissioner's decision should be reversed because the ALJ: (1) failed to find Plaintiff's posttraumatic stress disorder ("PTSD") to be a medically determinable impairment, and (2) failed to accept Dr. Kendrick's testimony regarding a possible need for work breaks, or alternatively failed to offer an explanation for not accepting this testimony. For the reasons that follow, the court finds Plaintiff has failed to provide the court grounds on which to overturn the decision of the Commissioner. The court finds that the ALJ applied the correct legal standards and that the ALJ's findings are supported by substantial evidence in the record.

### I.    Medically Determinable Impairment

Plaintiff argues that the ALJ erred by not finding Plaintiff's PTSD to be a medically determinable impairment. Specifically, the ALJ stated:

> The claimant's mental health providers [at Valley Mental Health] diagnosed him with post-traumatic stress disorder . . . . However, since the mental health providers are not acceptable medical sources, the undersigned finds the medical evidence does not establish that the claimant has PTSD.[13]

Plaintiff does not dispute that his treating providers from Valley Mental Health are not acceptable medical sources. *See* 20 C.F.R. §§ 404.1502(a), 416.902(a). Rather, Plaintiff argues Dr. Guerra is a licensed physician—and thus, an acceptable medical source—and

---

[13] AR at 19.

repeatedly diagnosed him with PTSD. Plaintiff asserts ALJ erred by ignoring Dr. Guerra's diagnosis of PTSD as evidence. The court disagrees. While Dr. Guerra is licensed physician, her assessment is based on subjective symptomatic reports, lacks any indication of psychological abnormalities, and is inconsistent with substantial medical evidence in the record. A medically determinable impairment "must be established by *objective medical evidence* from an acceptable medical source," 20 C.F.R. §§ 404.1521, 416.921 (emphasis added), "consisting of signs, symptoms, and laboratory findings, not only by [a claimant's] statement of symptoms." *Lankford v. Colvin*, 612 F. App'x 496, 499-500 (10th Cir. 2015).

Here, Dr. Guerra treated Plaintiff as his primary care physician.[14] The record of Plaintiff's treatment by Dr. Guerra reveals only routine medical care and medication refills beginning on March 17, 2015.[15] The assessment records note PTSD, but Dr. Guerra is not a mental health professional and her assessment is not supported by her treatment notes or by any mental health examinations.[16] Instead, her records indicate repeat observations that Plaintiff is "oriented . . . with normal mood and affect, thoughts goal directed, [normal] judgment and insight . . . [and] intact recent and remote memory," which contradict her medical assessment.[17] Dr. Guerra prescribed Seroquel and Venlafaxine, apparently based solely on Plaintiff's self-reported symptoms of depression and PTSD, as there is no

---

[14] *See* AR at 509, 670–88, 986.

[15] *See id.*

[16] *See id.*

[17] *See* AR at 509, 669, 680, 686, 987.

evidence that Dr. Guerra clinically observed signs of PTSD or that she reviewed any mental health records.[18] For these reasons, the court finds the ALJ did not err.

Notwithstanding, any error is harmless because the ALJ considered it in the RFC assessment. *See Ray v. Colin*, 657 F. App'x 733, 734 (10th Cir. 2016) (stating a failure to find an impairment medically determinable is "obviated if the ALJ consider[s] the non-medically determinable impairment in assessing the RFC"). Here, the ALJ considered Plaintiff's past trauma, social anxiety, and anger in assessing the RFC.[19] Moreover, Plaintiff has not identified any additional limitations that might result from his PTSD; and thus, fails to demonstrate the alleged error was harmful. *See, e.g., Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.").

## II.     Testimony of Dr. Kendrick

At the August 29, 2017 hearing, the medical expert, Dr. Kendrick, testified that Plaintiff "might" require additional breaks and have unscheduled absences from work due to exacerbations of his spinal pain, but that this would be unpredictable.[20] Plaintiff argues that the ALJ erred in not accepting this specific testimony from Dr. Kendrick as evidence preclusive of employments, especially coupled with the testimony from Sarah Stats, the vocational expert, that the need to lie down for 90 minutes during a work day is preclusive of employment. The court disagrees.

---

[18] *See* AR at 509, 670–88, 986.

[19] *See* AR at 24.

[20] *See* AR at 27–28, 68.

Dr. Kendrick's testimony does not identify laying down as a functional limitation for Plaintiff. Instead, Dr. Kendrick testified that Plaintiff "might" need "extra breaks."[21] The need to lay down for 90 minutes is materially different from a possible need for additional breaks and does not qualify as a functional opinion requiring acceptance. Indeed, "the mere [possibility] of [a condition] is not necessarily disabling; rather, [the condition], alone or in combination with other impairments, must render claimant unable to engage in any substantial gainful employment." *Coleman v. Chater*, 58 F.3d 577, 579 (10th Cir. 1995) (quotations and citations omitted). As such, the above testimony is not a functional opinion that the ALJ needed to consider. Moreover, the ALJ found the intensity, persistence, and limitations of pain reported by Plaintiff to be inconsistent and unsupported with the medical evidence—a finding that Plaintiff has not challenged.[22]

## CONCLUSION

Based on the foregoing, the Commissioner's decision in this case is AFFIRMED.

IT IS SO ORDERED.

DATED this 30th day of September, 2019.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[21] AR at 68.

[22] *See* AR at 25.